IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCEL MALACHOWSKI, § <br> # 15287-052, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | CIVIL CASE NO. 3:23-CV-2496-X-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

On November 9, 2023, Malachowski, a federal defendant housed at a Bureau of Prisons (BOP) Residential Reentry Center, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the constitutionality of a BOP disciplinary proceeding and the resulting loss of 20 days of good-time credits. *See* Doc. 3 at 1-2. He seeks restoration of his good-time credits and expungement of the incident report underlying the challenged disciplinary proceeding from his prison disciplinary record. *See id.* at 6-7. On January 18, 2024, Malachowski was released from BOP custody. *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Feb. 1, 2024).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445

U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."). "A petitioner challenging a prison disciplinary proceeding must show that the disciplinary action has or will cause him to suffer adverse consequences." *Watkins v. Vasquez,* 451 F. App'x 429, 430 (5th Cir. 2011) (citing *Spencer,* 523 U.S. at 7-8; *Bailey v. Southerland,* 821 F.2d 277, 278-79 (5th Cir. 1987)). If a controversy becomes moot, the court should dismiss the case for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

    Here, Malachowski sought only the restoration of 20 days of good-time credits and expungement of the subject incident report from his prison disciplinary record. *See* Doc. 3 at 7. Malachowski has now been released from BOP custody, and he has not alleged any facts showing he will be subject to any future adverse consequences because of the disciplinary proceeding. Because of his subsequent release, and the absence of any future adverse consequences resulting from the disciplinary proceeding, the Court cannot grant the relief sought, and his § 2241 petition is therefore moot. *See Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) ("an action is moot when the court cannot grant the relief requested by the moving party."); *Watkins,* 451 F. App'x at 429-30 (affirming dismissal as moot of § 2241 petition after petitioner was released from custody, failed to show adverse consequences, and did not seek reduction of supervised release term, and where the court lacked jurisdiction to consider a reduction of his supervised release term); *Bailey,* 821 F.2d at 277-78

(dismissing as moot § 2241 petition because the court could not provide requested relief of restoration of good-time credits and expungement of incident report after petitioner was released and did not show he would suffer future adverse consequences).

Accordingly, Malachowski's petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on February 3, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).